

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00875-CR

The **STATE** of Texas,
Appellant

v.

Bryan Javier **RAMIREZ ALEJO**,
Appellee

From the County Court, Kinney County, Texas
Trial Court No. 13760CR
Honorable Dennis Powell, Judge Presiding

Opinion by:         Rebeca C. Martinez, Chief Justice

Sitting en banc[1]:    Rebeca C. Martinez, Chief Justice
                   Irene Rios, Justice
                   Lori I. Valenzuela, Justice
                   Adrian A. Spears II, Justice
                   H. Todd McCray, Justice
                   Velia J. Meza, Justice

Delivered and Filed: August 12, 2025

REVERSED AND REMANDED

        The State of Texas appeals the trial court's order granting the appellee's request for habeas

relief. For the reasons stated below, we reverse the judgment of the trial court and remand the case

for further proceedings consistent with this opinion.

---

[1] Justice Lori Massey Brissette is not participating.

## BACKGROUND

Appellee, Bryan Javier Ramirez Alejo, was arrested and charged with misdemeanor criminal trespass as a part of Operation Lone Star ("OLS"). Appellee subsequently filed a pretrial application for writ of habeas corpus, arguing that the State of Texas engaged in selective prosecution by choosing to prosecute men for criminal trespass but not to prosecute similarly situated women for the same offense, in violation of the Equal Protection clauses of the United States and Texas constitutions. The trial court granted Appellee's habeas application and ordered the case dismissed. The State appealed.

On July 17, 2024 this court affirmed the trial court's judgment and ordered the case dismissed with prejudice. On October 9, 2024, the Court of Criminal Appeals issued its opinion in *Ex parte Aparicio*, 707 S.W.3d 189, 202 (Tex. Crim. App. 2024), *cert. denied sub nom. Aparicio v. Texas*, No. 24-6057, 2025 WL 1787753 (U.S. June 30, 2025). This court acted on its own motion to reconsider this appeal en banc in light of *Aparicio*. *Id*.

## DISCUSSION

On appeal, the State of Texas argues that the Appellee's selective-prosecution claim is not cognizable in a pretrial habeas proceeding and that the trial court erred by granting the application for writ of habeas corpus.

### A. Standard of Review

Generally, we review a trial court's ruling on a pretrial application for a writ of habeas corpus for an abuse of discretion. *See Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006); *Ex parte Jarreau*, 623 S.W.3d 468 (Tex. App.—San Antonio 2020, pet. ref'd)*.* "However, when, the resolution of the ultimate issue turns on the application of purely legal standards, we review the trial court's ruling de novo." *Jarreau*, 623 S.W.3d at 472. We will uphold the trial court's

ruling "if that ruling was supported by the record and was correct under any theory of law applicable to the case." *Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003) (citing *State v. Ross,* 32 S.W.3d 853, 856 (Tex. Crim. App. 2000)). "That rule holds true even if the trial court gave the wrong reason for its ruling." *Armendariz*, 123 S.W.3d at 404 (citing *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990)).

*B. Cognizability*

The State, in its brief, argues that a pretrial application for writ of habeas corpus based on a claim of selective prosecution is not cognizable on appeal. The Appellee, however, disputes this argument.

From our review, the facts and arguments in this case are substantively the same as those in *Ex parte Aparicio*, in which the Court of Criminal Appeals concluded that the Appellee's claim of selective arrest and prosecution was cognizable under the facts of that case. 707 S.W.3d 189, 202 (Tex. Crim. App. 2024), *cert. denied sub nom. Aparicio v. Texas*, No. 24-6057, 2025 WL 1787753 (U.S. June 30, 2025). Accordingly, we conclude that Appellee's claim is cognizable.

*C. Selective Prosecution*

To establish a prima facie case of "selective prosecution or selective enforcement, the claimant must prove with 'exceptionally clear evidence' that: 1. The prosecutorial policy had a discriminatory effect; and 2. it was motivated by a discriminatory purpose." *Aparicio*, 707 S.W.3d at 204 (citations omitted). The second prong requires the claimant "definitively show that an otherwise facially neutral law is being *administered* in bad faith—that it was 'directed so exclusively against a particular class of persons . . . with a mind so unequal and oppressive' that equal protection of the law was denied." *Id*. at 208 (emphasis in original) (quoting *U.S. v. Armstrong*, 517 U.S. 456, 464–65 (1996)). In other words, the claimant must show by

"'exceptionally clear evidence' that the OLS mindset administering the facially neutral criminal trespass law was 'so unequal and oppressive' against him *because* he is male." *Id*. at 210 (emphasis in original) (citations omitted).

The evidence here is substantively the same as the evidence presented in *Aparicio*. *Id*. at 189. We therefore conclude, based on our review of the entire record and after considering the parties' arguments, that the evidence is insufficient to show that the State of Texas' policy was motivated by a discriminatory purpose. *Id*. at 204.

## CONCLUSION

Because Appellee failed to establish the second prong of his selective prosecution claim, the trial court erred in granting his application for writ of habeas corpus. Accordingly, we reverse the trial court's order granting Appellee's pretrial application for writ of habeas corpus and remand this matter to the trial court for further proceedings consistent with this opinion. We also dismiss any other pending motions as moot.

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH